# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                                    |   |                               |
|------------------------------------|---|-------------------------------|
| COSTCOMMAND, LLC,                  | ) |                               |
|                                    | ) |                               |
| Plaintiff,                         | ) |                               |
|                                    | ) |                               |
| v.                                 | ) | Civil Action No. 14-0457 (ABJ)|
|                                    | ) |                               |
| PRS SOFTWARE SOLUTIONS, INC., *et al.*, | ) |                          |
|                                    | ) |                               |
| Defendants.                        | ) |                               |

## MEMORANDUM OPINION

Plaintiff CostCommand, LLC brings this diversity action against defendants PRS Software Solutions, Inc. ("PRS"), Full Throttle Films Inc. d/b/a Video Equipment Rentals ("VER"), WH Administrators, Inc. ("WHA"), and Brendan M. Turner, asserting a variety of claims arising out of a business relationship gone awry. Compl. [Dkt. # 1]. Defendants PRS and VER have moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2). Defs.' Joint Mot. to Dismiss ("Defs.' Mot.") [Dkt. # 9]; Mem. of P. & A. in Supp. of Defs.' Joint Mot. to Dismiss ("Defs.' Mem.") [Dkt. # 9]. Because the Court finds that there is not complete diversity of citizenship between plaintiff CostCommand and the defendants, the Court will grant the motion and dismiss the case for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citations omitted), quoting *Schuler v. United States*,

617 F.2d 605, 608 (D.C. Cir. 1979); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002); *see also Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006).

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert*

v. *Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## FACTUAL AND PROCEDURAL BACKGROUND

The complaint sets forth a series of complicated allegations concerning the business relationships among the parties, but there is no need to recite those allegations in detail to resolve the issue of this Court's subject matter jurisdiction. The parties do not dispute that plaintiff CostCommand is a single-member limited liability company whose sole member is a citizen of Maryland. *See* Compl. ¶ 3; Defs.' Mem. at 2. The only issue to be determined relevant to this Court's jurisdiction is the citizenship of defendant WHA.

According to the complaint, WHA is a Texas corporation with its principal place of business in Houston, Texas. Compl. ¶ 7. In its answer, WHA admitted that statement. Answer of WHA [Dkt. # 14] ¶ 7.

But in their motion to dismiss, PRS and VER allege that WHA is a citizen of both Texas and Maryland. Defs.' Mem. at 3. They direct the Court to WHA's webpage, which identifies Bethesda, Maryland as the location of WHA's "corporate headquarters" and provides a contact telephone number with a Maryland area code. *Id.*; *see also* Ex. A to Hussey Decl. (May 27, 2014), Attach. 3 to Defs.' Mot. [Dkt. # 9-3]. PRS and VER further allege that Turner, the corporation's "only identified principal," is a citizen of the District of Columbia who "presumably works out of the [WHA] office a few short minutes from his home." Defs.' Mem. at 3 n.2.

After PRS and VER filed their motion, Turner submitted an affidavit averring that WHA's corporate headquarters is located in Bethesda, Maryland. Turner Aff. (July 10, 2014), Attach. 1 to Reply to WHA's Mot. to Dismiss [Dkt. # 24-1] ¶ 18.11.

Faced with the inconsistencies contained in the parties' pleadings with respect to WHA's citizenship, the Court ordered WHA to supplement the record with evidence that would clarify the location of its principal place of business. Order (Oct. 24, 2014) [Dkt. # 26] at 3.

In its response to the Court's order, WHA stated that the admission in its answer that its principal place of business is in Houston, Texas was an "inadvertent mistake[]." Supplemental Pleading of WHA and Turner ("Supplemental Pleading") [Dkt. # 27] at 1. WHA explained that its principal place of business is its corporate headquarters in Bethesda, Maryland, and it supported that assertion with affidavits from defendant Turner – WHA's Chief Operating Officer and one of its three owner-directors – and Bob Ring, one of WHA's other owner-directors. *Id.* at 2; *see also* Ring Aff. (Nov. 4, 2014), Attach. 1 to Supplemental Pleading [Dkt. # 27-1] ¶ 5; Turner Aff. (Nov. 6, 2014), Attach. 3 to Supplemental Pleading [Dkt. # 27-3] ¶ 4.

## ANALYSIS

"For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007), citing *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373–74 (1978). Accordingly, if this Court determines that plaintiff CostCommand and defendant WHA are both citizens of Maryland, there would be a lack of complete diversity, and the Court would be bound to dismiss the case for lack of subject matter jurisdiction.

It is well-settled that the citizenship status of an LLC is determined by the citizenship of its members. *Lopes v. JetsetDC, LLC*, 994 F. Supp. 2d 135, 143 (D.D.C. 2014), citing *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195–96 (1990). Therefore, it is correct that plaintiff

CostCommand, an LLC whose sole member is a citizen of Maryland, is also a citizen of Maryland for diversity purposes.

In contrast, a corporation's citizenship is determined both by its state of incorporation and by the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). The parties agree that WHA is incorporated in Texas, and that it is therefore a citizen of that state. Compl. ¶ 7; Answer of WHA ¶ 7; Supplemental Pleading at 2. So, in order to determine whether it may properly exercise jurisdiction over this case, and to rule on the pending Rule 12(b)(1) motion to dismiss, the Court must resolve the parties' conflicting assertions regarding WHA's principal place of business.

In *Hertz Corp. v. Friend*, the Supreme Court explained that a corporation's principal place of business "is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." 559 U.S. 77, 92–93 (2010). The Court noted that this location is sometimes called "the corporation's 'never center,'" and that it would "normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings." *Id.* at 93.

In this case, the Court finds that WHA's principal place of business – and the location of its corporate never center – is indeed Maryland. Plaintiff bears the burden of proof on this issue, and it points only to the answer filed by WHA as evidence of the corporation's citizenship. Pl.'s Opp. to Defs.' Mot. [Dkt. # 20] at 5 (asserting that WHA's "[a]nswer admits it is a Texas corporation, with its principal place of business in Houston," and that "notwithstanding the website's statements, the parties are diverse from each other"). But that statement has been disavowed and explained, and its evidentiary value has been outweighed by the sworn testimony

of two of WHA's owner-directors establishing that "Mr. Turner directs, controls and coordinates WHA's business activities from the Bethesda, Maryland office." Supplemental Pleading at 3.

> The Bethesda, Maryland office has served as WHA's Corporate Headquarters since shortly after WHA's formation. And since the Bethesda office opened in August 2013, Mr. Turner has worked out of that location. WHA maintains a call center in Bethesda and ninety percent of the company's employees are located in that office. While some of the financial matters of the Company are handled out of the Texas office, there is only one employee in that office and even the phone number associated with that office is the same Maryland-based number used for WHA's Corporate Headquarters . . . .

*Id.* at 2 (internal citations omitted); *see also* Ring Aff. (Nov. 4, 2014) at ¶¶ 5, 8; Turner Aff. (Nov. 6, 2014) at ¶¶ 2, 4, 7. WHA additionally states that "while there were three founding directors of the Company," only Turner, who is a resident of the District of Columbia and not of Texas, "directs WHA's business operations while Mr. Ring provided financial support . . . and Mr. Bruce Monteith supplies business leads." Supplemental Pleading at 2; Turner Aff. (Nov. 6, 2014) ¶ 1 ("I am a resident of the District of Columbia. . . . I have never been a resident or a citizen of the state of Texas.").

This is consistent with the other evidence supplied to the Court in connection with this motion: WHA's website. The website identifies Bethesda, Maryland as the site of WHA's corporate headquarters, and it provides a Maryland area phone number as the means to reach the Texas office. *See* Attach. 1 to Turner Aff. (Nov. 6, 2014).[1]

"The burden of persuasion for establishing diversity jurisdiction . . . remains on the party asserting it." *Hertz Corp.*, 559 U.S. at 96. When a party is "challenged on allegations of jurisdictional facts, the part[y] must support [its] allegations by competent proof." *Id.* at 96–97.

---

1  When considering a Rule 12(b)(1) motion to dismiss, unlike when deciding a motion to dismiss under Rule 12(b)(6), the Court "is not limited to the allegations of the complaint." *Hohri*, 782 F.2d at 241. Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro*, 104 F. Supp. 2d at 22, citing *Herbert*, 974 F.2d at 197.

Because plaintiff can point to no evidence – other than the mistaken admission in the answer filed by WHA – that would support a finding that plaintiff CostCommand and defendant WHA are diverse, plaintiff has not met its burden to show that this Court has subject matter jurisdiction over this dispute.[2]

## CONCLUSION

For the reasons stated above, the Court finds that plaintiff CostCommand and defendant WHA are not diverse, and that the Court therefore lacks subject matter jurisdiction over this case. Accordingly, the Court will grant defendants' motion to dismiss. A separate order will issue.

/s/ Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: November 13, 2014

---

2    Because the Court has determined that it does not have subject matter jurisdiction in this case, it will not address defendants' claim that the Court lacks personal jurisdiction over defendants PRS and VER. See Defs.' Mem. at 3–12.

7